Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRII KOLPAKOV<br><br>Defendant. | No. CR18-159-RSM<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the parties' Stipulated Motion for Entry of a Preliminary Order of Forfeiture ("Stipulated Motion") seeking to forfeit, to the United States, Defendant Andrii Kolpakov's interest in the following property:

1. $75,000 in U.S. currency, representing, in part, the proceeds the Defendant obtained as a result of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. This sum of money is separate and distinct from the restitution that is ordered in this case;
2. Asus laptop, model no. X510U (serial no. HANOCX24R525436);
3. Toshiba 128 GB SSD (serial no. 671510BATMXT);
4. SATA hard drive (serial no. 87VEC1G9T SWFHDKCB8888E0A01T);

Preliminary Order of Forfeiture - 1
*United States v. Andrii Kolpakov,* CR18-159-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. Gold colored Samsung SM J500H Galaxy J5 cell phone (serial no. RV1H40M03WV, IMEI 357950071755024/01 and 35800071755027/0); and

6. Various SIM cards.

The Court, having reviewed the parties' Stipulated Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The proceeds of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

- Facilitating property, which was obtained with proceeds from, or used to commit Conspiracy to Commit Computer Hacking, in violation of 18 U.S.C. § 371, is forfeitable pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i);

- Pursuant to the Plea Agreement he entered on November 16, 2020, and as further identified and stipulated to by the parties, the Defendant agreed to forfeit the sum of money in the amount of $75,000 in U.S. currency, as identified above in paragraph 1 above, as it represents, in part, the proceeds the Defendant obtained as a result of Conspiracy to Commit Wire Fraud. Dkt. No. 48, ¶ 9. Additionally, the Defendant agreed to forfeit the electronic equipment identified in paragraphs 2-6 above, as it constitutes or is derived from proceeds of, and/or facilitated his commission of Conspiracy to Commit Computer Hacking. *Id.*; and

- The sum of money in the amount of $75,000 in U.S. currency is personal to the Defendant; pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

//

Preliminary Order of Forfeiture - 2
*United States v. Andrii Kolpakov,* CR18-159-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(B), and 1030(i), 28 U.S.C. § 2461(c), and his Plea Agreement, the Defendant's interest in the above-identified sum of money in the amount of $75,000 in U.S. currency and electronic equipment is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order of Forfeiture will become final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) No right, title, or interest in the above-identified sum of money in the amount of $75,000 exists in any party other than the United States;

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $75,000;

5) The United States Department of Justice, Federal Bureau of Investigations, and/or its authorized agents or representatives, shall maintain the above-identified electronic equipment in its custody and control until further order of this Court;

6) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and the United States' intent to dispose of the electronic equipment as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the electronic equipment, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the electronic equipment must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

Preliminary Order of Forfeiture - 3
*United States v. Andrii Kolpakov,* CR18-159-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the electronic equipment;

      b.    shall be signed by the petitioner under penalty of perjury; and

      c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the electronic equipment, as well as any facts supporting the petitioner's claim and the specific relief sought.

7)    If no third-party petition is filed within the allowable time period, the United States shall have clear title to the electronic equipment, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

8)    If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

9)    The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 21st day of June, 2021.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Preliminary Order of Forfeiture - 4
*United States v. Andrii Kolpakov,* CR18-159-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Presented by:

 /s/ Krista K. Bush
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 5
United States v. Andrii Kolpakov, CR18-159-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970